## Case No. 8,043.

### In re LANE et al.

### Ex parte DREYFUS.

[2 Lowell, 305; [1] 13 N. B. R. 43; 1 N. Y. Wkly. Dig. 296.]

District Court, D. Massachusetts.  Jan., 1874.

BANKRUPTCY—SET-OFF.

1. One who holds the bare legal title to a note given by a debtor cannot set off against it, in bankruptcy, a debt which he owes the bankrupt for goods bought.

2. Where A., holding such a note, proved it against the debtor's estate, after deducting the price of the goods,—held, he had proved too little; and that his proof should be expunged without prejudice to his proving the note in full, as trustee for the equitable owner, or to a proof by such owner.

[Cited in Re Saunders, Case No. 12,371.]

Charles and Jacob Dreyfus, composing the mercantile firm of Dreyfus & Co., proved a debt of $1,047.14, against the estate of the bankrupts [George H. Lane, Brett & Co.], at the first meeting of the creditors. Afterwards the assignee of the estate applied to the register, in the mode pointed out by general order No. 34, to have the claim re-examined and disallowed. The issues and evidence were certified to the court. The claim sought to be expunged was for the contents of the promissory note of the bankrupts for $1,519.58, and interest, less the amount of an account of about $500 for goods bought of them by Dreyfus & Co. The assignees alleged that the note really belonged to Weil & Co., its original holders, and had been transferred to Dreyfus & Co. after the failure of the bankrupts, though before their petition was filed, in order to enable Dreyfus & Co. to get the full benefit of the set-off, subject to an ultimate settlement between the parties after the amount of the dividends in the bankruptcy should be ascertained.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Chi. Leg. News, 123, contains only a partial report.]

[2] [From 2 N. B. R. 309 (Quarto, 100).]

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[The evidence consisted of the examinations of Charles Dreyfus and Martin J. Weil, who were the parties to the sale and purchase of the note. They agreed that Dreyfus bought the note after it was due, and after the failure of the promissors, and before it was known, or there were any means for estimating the amount they would pay; that the price of the note was one thousand dollars. They differed entirely as to the mode and time of payment of the price, and Dreyfus changed his evidence several times upon these points.] [2]

M. Storey, for the proving creditors.

We hold the legal title to the note, and could maintain an action upon it: Way v. Richardson, 3 Gray, 412, and therefore may prove it in bankruptcy. That we bought the note after the known insolvency of the makers is immaterial. In re City Bank [Case No. 2,742].

R. M. Morse, Jr., for assignees, cited Smith v. Hill, 8 Gray, 572.

LOWELL, District Judge. [The vexed question upon which able and learned judges have differed, whether a note or other debt bought after the insolvency of the debtor is known, though before bankruptcy, can be set off by the purchaser against a debt due by him to the bankrupt, does not demand our attention in this case, and I shall not review the decisions, because I consider that the prevarications of the holder of the note, in his sworn examination, and the other evidence which has been produced, warrant and require me to draw all reasonable inferences against his title. And this is hardly denied.][2]

The evidence in this case is of a character to satisfy me that the bare legal title to the note was transferred to Dreyfus & Co. If the indorsement were made under any definite and complete arrangement by which the purchasers were to own the note absolutely for a consideration paid down, or even for a credit to Weil & Co., if the latter were their debtors. for precisely what they received in dividends. then the set-off might be made, provided the purchase of the note was not at so late a period as to bring it within some prohibition of the statute. On this last question, that is to say, whether a purchase made after the known insolvency but before the technical bankruptcy of the debtor can be the subject of set-off, the authorities are divided; but I shall not consider it, for all that I can ascertain of the facts is that there was a legal transfer; and I feel bound to say the note was held by Dreyfus & Co., simply as trustees for Weil & Co.

Under such circumstances a set-off is not allowed, either by the general statutes of Massachusetts applying to solvent persons, or by the bankrupt law. [Gen. St. Mass. c. 130, § 11.][2] The whole law of this matter

is admirably stated in Forster v. Wilson, 12 Mees. & W. 191, in which the earlier cases are discussed. And it has been repeatedly held in this country that when a trustee is party to an action or to a proof in bankruptcy in his representative character, the only debts which can be set off on either side are those of the persons for whom he is representative, and not his own personal debts.

So here, if Weil & Co. are equitable owners of this note, Dreyfus & Co., holding the legal title, cannot use in set-off, to diminish their claim as such trustee against the bankrupts, a debt they themselves owe him for goods bought. To do this, they must have acquired the true as well as the nominal property in the note.

The true objection, then, to the proof of this debt by Dreyfus & Co., is that they have proved too little; that, instead of proving the whole note as trustees for Weil & Co., they have only proved part of it, assuming to diminish it by an inadmissible set-off. As, however, the assignees appear to fear some embarrassment in collecting the $500 due them from Dreyfus & Co., if the proof stands in its present form, the order will be:

Proof expunged, without prejudice to a new proof by Weil & Co. or by Dreyfus & Co. as trustees, for the full amount of the note [and interest].[2]